**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 31, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40279
Summary Calendar

_____

EDDIE CABELLO,

Plaintiff-Appellant,

versus

STATE OF TEXAS; DOUGLAS LOWE, Criminal District Attorney,
Anderson County, Texas; JANIE COCKRELL, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; HEATHER
SCHITOSKEY, Correctional Officer, Texas Department of Criminal
Justice-Institutional Division; PETERSON, Warden, Correctional
Officer; MAXINE BARNETTE, District Clerk, Anderson County, Texas,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-MC-1
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Eddie Cabello, Texas prisoner # 441345, appeals the district

court's order remanding his Texas state criminal prosecution to

Texas state court. The district court remanded the action after

determining that the allegations in Cabello's removal petition

did not meet the requirements of 28 U.S.C. § 1443.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Cabello argues that 28 U.S.C. § 1443 does not require allegations of racial discrimination. Cabello's argument is contrary to Johnson v. Mississippi, 421 U.S. 213, 219 (1975), in which the Supreme Court emphasized that "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice." To accomplish removal pursuant to 28 U.S.C. § 1443, Cabello must demonstrate that his claims involve the denial of rights that arise under a federal law providing specific rights stated in terms of racial equality and that he has been denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law. State of Texas v. Gulf Water Benefaction Co., 679 F.2d 85, 86 (5th Cir. 1982) citing Johnson, 421 U.S. at 219. Cabello concedes that his claims do not involve racial discrimination and he has therefore not made the required showing.

Cabello also seeks appointment of counsel and requests that his attorney be granted leave to file a supplemental brief. Cabello does not assert that exceptional circumstances exist to warrant the appointment of counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212-13 (5th Cir. 1982).

The district court's decision is AFFIRMED; Motion for appointment of counsel is DENIED.