STATE OF TEXAS, Plaintiff-Appellee,

v.

GULF WATER BENEFACTION CO. and Robert E. Pine, individually and in his proper capacity as Trustee, Etc., Defendants-Appellants.

No. 81–2371
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 25, 1982.

Robert E. Pine, pro se.

Calvin B. Hartmann, Asst. Dist. Atty., Houston, Tex., for plaintiff-appellee.

Before RUBIN, SAM D. JOHNSON and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Gulf Water Benefaction Co., through Robert E. Pine, seeks to remove from state to federal court its state criminal prosecution for violation of Texas water pollution laws. The district court dismissed the petition for removal because it does not allege a race-based civil rights violation. We affirm.

■ Ordinarily, an order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. 28 U.S.C. § 1447(d). However, an exception is made for an order remanding to state court a case removed, pursuant to 28 U.S.C. § 1443, on the ground of an alleged civil rights violation. Such a decision is appealable. *Id.; see Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121, 128 (1975); *Robertson v. Ball*, 534 F.2d 63, 66 (5th Cir. 1976) (per curiam).

Gulf Water's petition for removal is not silent, as Texas contends, concerning an alleged violation of a civil right. The removal petition contends that Gulf Water was "repeatedly subjected to deprivation of its Constitutional[ly] guaranteed Civil Rights. . . ." The district court construed this as invoking 28 U.S.C. § 1443 even though Gulf Water did not cite § 1443 in its petition. Therefore, we have jurisdiction to consider the appeal. We turn to the merits.

■ Gulf Water had the burden of establishing its right to removal. *Albonetti v. GAF Corporation-Chemical Group*, 520 F.Supp. 825, 827 (S.D.Tex.1981). To gain removal to federal court under 28 U.S.C. § 1443, the defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights *stated in terms of racial equality*; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law. *Johnson v. Mississippi, supra*, 421 U.S. at 219, 95 S.Ct. at 1595, 44 L.Ed.2d at 128.

■ Gulf Water's removal petition fails to meet either test. Instead, the removal petition merely complains in a conclusory way of deprivations of certain of its non-race-related civil rights, including freedom of speech, freedom of association, and due process of law. Furthermore, its brief likewise fails to show how Gulf Water has met these tests.

The district court correctly concluded that Gulf Water's petition failed to give adequate grounds to invoke removal pursuant to 28 U.S.C. § 1443 and that an exami-

nation of the face of the petition showed that removal should not be granted.

Texas seeks costs and attorneys' fees, pursuant to Fed.R.App.P. 38,[1] because of the frivolous nature of this appeal.

In *Robertson v. Ball, supra,* we discussed the relationship between the general prohibition in 28 U.S.C. § 1447(d) against any review of remands and its exception for remands of removals effected under 28 U.S.C. § 1443:

> The exception in § 1447(d)'s prohibition of appellate review for remands of removals effected under § 1443, taken with the power vested in the state court defendant to effect removal solely on his own motion, *see* 28 U.S.C. § 1446(e), might seem to provide a significant loophole which could undermine the general policy of § 1447(d). That policy might be stated thusly: once the federal district court considers the proper factors and decides to remand, the action should go forward in state court without the further delay of appeal, and without regard to whether the federal district court was correct or incorrect.
>
> The § 1447(d) exception, of course, represents another strong policy: removed actions in which federal rights that are based on laws relating to racial equality cannot be adequately protected in state courts should not be remanded to those state courts, and district court orders effecting such remands should be subject to appellate review on the merits. *To insure that the § 1443 exception to § 1447(d) not be used as a dilatory tactic*

> *by recalcitrant state court defendants, we can only suggest that this Court will look with favor upon a summary motion to dismiss, as frivolous,[2] an appeal from a remand when the removal purportedly based on § 1443 does not even colorably fall within the strict tests set out in Johnson* [v. Mississippi, supra]. . . .

*Robertson, supra,* 534 F.2d at 66 n.5 (emphasis added) (citations omitted).

▮ Texas filed a motion seeking to have Gulf Water's appeal dismissed only on the basis of a lack of jurisdiction. As we have noted, we do not lack jurisdiction of the appeal. But, even though Texas did not move to dismiss the appeal as frivolous, and we dispose of Gulf Water's appeal "on the merits," the fact is that it patently has no merit. The removal petition "does not even colorably fall within the strict tests [for § 1443 removals] set out in *Johnson* . . . ." Therefore, we allow attorneys' fees and costs.

Gulf Water was not represented by counsel, but by Robert Pine, in his capacity as Gulf Water's "Bankruptcy Trustee, Director, Officer, Next Friend and Intervenor," *pro se.* (His removal petition was written out in long-hand pencil.) His original removal petition may be sanctioned as the product of lack of legal sophistication. But his appeal was patently without basis. Neither Pine nor Gulf Water as his client were strangers to this court. *See Gulf Water Benefaction Co. v. Public Utility Commission of Texas,* 674 F.2d 462 (5th Cir. 1982). We believe he had ample reason to know that his appeal lacked merit and that it was merely tendentious.

---

1. Rule 38, "Damages for Delay," provides
   > If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

   Fed.R.App.P. 38. Moreover, the Advisory Committee on Appellate Rules states that
   > [w]hile both the statute and the usual rule on the subject by courts of appeal [the Fifth Circuit has no rule precisely on point] speak of "damages for delay" the courts of appeal quite properly allow damages, *attorney's fees and other expenses* incurred by an appellee if the appeal is frivolous without requiring a showing that the appeal resulted in delay. *See Dunscombe v. Sayle,* 340 F.2d 311 (5th

   Cir.), *cert. denied,* 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965) . . . .
   Notes of Advisory Committee on Appellate Rules accompanying Rule 38 (emphasis added).

2. This is presumably done pursuant to Fifth Circuit Rule 20, "Frivolous and Unmeritorious Appeals," which provides that "[i]f upon the hearing of any interlocutory motion *or as a result of a review under Rule 14* [Docket Control Rule providing for, *inter alia,* summary disposition], it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed." 5th Cir. R. 20 (emphasis added).

For these reasons, the judgment of remand is AFFIRMED, and, being in a position adequately to assess the legal services rendered by Texas's counsel, we award Texas $2,500 as attorneys' fees.