IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20018
Conference Calendar
_____

JERRY E. EASLEY,

                                        Plaintiff-Appellant,

versus

NORMA GAIL BURWICK EASLEY,
a/k/a Norma Gail Burwick Bone,
a/k/a Norma Gail Burwick Webb,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-94-1717
- - - - - - - - - -
June 28, 1995
Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Jerry E. Easley requests that he be allowed to proceed in
forma pauperis (IFP) on appeal.

    "An order remanding a case to the state court from which it
was removed is not reviewable on appeal or otherwise, except in
certain civil rights cases."  Vatican Shrimp Co. v. Solis, 820
F.2d 674, 679 (5th Cir.), cert. denied, 484 U.S. 953 (1987).
Easley has the burden of establishing his right to removal.

---

    *    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

State of Tex. v. Gulf Water Benefaction Co., 679 F.2d 85, 86 (5th Cir. 1982).

> To gain removal to federal court under 28 U.S.C. § 1443, the defendant must show both that (1) the right allegedly denied [him] arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law.

Id. (citing Johnson v. Mississippi, 421 U.S. 213, 219 (1975)).

Easley does not allege facts, either in the district court or on appeal, to support his contention that removal was proper under § 1443; he has not alleged the denial of a right arising "under a federal law providing for specific rights stated in terms of racial equality."  See Gulf Water, 679 F.2d at 86-87. Easley fails to mention racial equality at all.  Therefore, this is not a case removed under § 1443, the civil rights-jurisdiction statute.

IT IS ORDERED that Easley's motion for leave to proceed IFP on appeal is DENIED.  Because we lack jurisdiction to hear the appeal, it is DISMISSED.