FILED
IN SUPREME COURT OF TEXAS

FEB 02 2015

Blake Hawthorne, Clerk

by _____ , Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| MCKOOL SMITH P.C., | § | |
| STATE BAR OF TEXAS ET AL | § | No. 3:14-cv-4190-N |
| | § | |

IN RE CHELSEA L. DAVIS

IN RE CHELSEA L. DAVIS

### NOTICE OF REMOVAL

I, Chelsea L. Davis, hereby timely file my Notice of Removal of In re: *Chelsea L. Davis,*

Docket No. 14-1063, an original proceeding in the Texas Supreme Court and of an additional

disciplinary appeal/petition for writ of mandamus I attempted to file in the Texas Supreme Court,

to the U.S. District Court for the Northern District of Texas. *See* attached filing rejections. There

appears to be a sealed alleged grievance investigation or proceeding in which I am being denied

due process. As a result of this matter, I have been unlawfully arrested for contempt of a child

support order even though there is no child support order, I do not have any children and I am

not married. I have been denied access to the record. Further, Judge Jill Willis signed a

vexatious litigant order against me, and the Texas Supreme Court has refused to accept my

pleadings in any original proceeding or appeal. Now, in another matter, I have heard that I will

be arrested for failure to appear next, but I have not yet been arrested or served with any criminal

charge, complaint or order of capias in any proceeding. I attempted to file a plea to the

1

jurisdiction which raises a federal question and an amount in controversy of over $75,000, and I have a federal defense.

I object to the removed matter for lack of service, notice, process, case or controversy, etc. in the state courts of Texas. I also contend that there is now a civil case or controversy due to my filing in the Texas Supreme Court in which I am the "defendant." I timely present my notice of removal of any and all allegations against me. I object to the numerous errors on the "case" summary/docket sheets/document/events listing because the listings contain numerous errors, including party designations where there are no parties and a lower court designation where there is no lower court.

Multiple appeals may be opened or pending in the Fifth District Court of Appeals, Dallas, Texas and/or the Board of Disciplinary Appeals, which have (likely erroneously and without authority) been assigned Docket Nos. 05-13-01744-CV, 05-13-01747-CV, 05-13-01748-CV, 05-14-00090-CV. 05-14-00095-CV, 05-14-01105-CV, 05-14-01036-CV, 05-14-01034-CV, 05-14-00841-CV and 05-14-00846-CV, etc. in the Fifth District Court of Appeals, Dallas, Texas, and/or No. 54202 and 55408 in the Board of Disciplinary Appeals, which may also be removed to this Court to the extent there is any case or controversy now pending in the Texas Supreme Court. Certain "matters" and/or "appeals" may be consolidated into Docket No. 05-13-01747-CV by the Fifth District Court of Appeals, Dallas, Texas. I have attempted to file pleas to the jurisdiction, each of which raises a federal question, institutes a case or controversy, and raises causes of action which present federal questions for which the amount in controversy is over $75,000 for each cause of action.

Under *In re Chelsea L. Davis*, "No. 54202", in which there does not yet appear to be any

2

petition against me, before the Board of Disciplinary Appeals, a response from me was requested to a motion by Dec. 25, 2014. This notice of removal is timely filed within thirty days of my raising of a federal question. I have not yet been served with any petition. I did, however, attempt to file a plea to the jurisdiction which raises a federal question and an amount in controversy of over $75,000.

On Dec. 29, 2014, I received a communication indicating that the Board of Disciplinary Appeals has created a "No. 55408" even though no petition has ever been filed, based on Grievance No. 201305119. I object to there being any State Bar of Texas cause number based on Grievance No. 201305119. This notice of removal is timely filed in advance of thirty days. I have not yet been served with any petition. I did, however, attempt to file a plea to the jurisdiction, which raises a federal question and an amount in controversy of over $75,000. I received an order indicating an action taken against me akin to a petition.

There is much confusion as to how any cause number may be open and any proceeding or action may proceed due to a lack of any evidentiary petition and disciplinary petition, lack of any case or controversy, lack of subject matter jurisdiction, lack of a record, etc., especially when there has not been any finding or showing of just cause or reasonable belief of disability to the extent required to initiate any disciplinary or disability proceeding against me. Nevertheless, I am being called to appear before the Texas Supreme Court on January 30, 2015 and before courts in Dallas and Collin Counties, Texas thereafter, and I seek to remove those called-for appearances to this Court under this action already pending in this Court between the same parties, which may involve the same subject matter.

Under 28 U.S.C. Sec. 1442(a), "[a] civil action or criminal prosecution that is

3

commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." *Id.* Without waiving my right to contest the commencement and pendency of a proceeding in state court due to the preliminary anti-suit injunction and/or stage of the undercover investigation which cannot be a case, I may remove and quash the thing to the extent it is alleged to be a civil action or criminal prosecution because I am an "officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. Sec. 1442(a)(1). I may also be "property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States"; and/or "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties."*Id.* My license to practice before the United States Patent and Trademark Office is a property right because I have spent nearly fifteen years gaining the requisite education to become a U.S. Patent Attorney and the experience practicing as a Patent Attorney.

I remove any and all complaints, grievances, petitions and allegations against me, to the extent there are any, of professional misconduct and/or disability to this federal Court because I am an officer of the United States Patent and Trademark Office, Reg. No. 63,791. I am a person acting under the United States, its agencies or its officers that has been sued for, unlawfully prosecuted or relating to any act under color of such office and has a colorable federal defense to the counter/intervenor plaintiff's claim(s), if any. Because I assert a colorable government contractor defense, this Court may obtain federal subject matter jurisdiction. *See State of La. v.*

4

*Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) ("[T]he Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of its chief purpose—to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so."). In addition, this Court already has federal subject matter jurisdiction based on filing and service of the Complaint at Doc. 1 in the action styled *Chelsea L. Davis v. McKool Smith P.C., State Bar of Texas, Leslie D. Ware, Samuel F. Baxter, et al.*, Cause No. 3:14-cv-4190 (N.D. Tex. filed Nov. 24, 2014).

The 28 U.S.C.S. § 1367 exceptions to supplemental jurisdiction do not apply to the Fair Labor Standards Act, 29 U.S.C.S. § 201 et seq.

I have a duty of disclosure as U.S. Patent Attorney which gives rise to a federal defense especially where I engaged in particular conduct to comply with this USPTO Rule regarding disclosure. All decisions made by the Office in patent and trademark matters affect the public interest. See Lear, Inc. v. Adkins, 395 U.S. 653 (1969). N.C. Ethics Op. 2005-9 (2006) (lawyer for public company may reveal confidential information about corporate misconduct to SEC under permissive-disclosure regulation authorized by Sarbanes-Oxley Act, even if disclosure would otherwise be prohibited by state's ethics rules). Additionally, Section 11.106(c) states that "[a] practitioner shall disclose to the Office information necessary to comply with applicable duty of disclosure provisions" and is provided to make clear that the duty of disclosure is mandatory, not optional. Section 11.106(c) merely continues the current duty of disclosure provision set forth in 37 CFR 10.23(c)(10). See, e.g., Manual of Patent Examining Procedure, 8th Ed., Rev. 9 (Aug. 2012) Ch. 2000. While paragraph (c) does not impose a new requirement, the express provision may be helpful in responding to any allegation of an ethical violation

before a State bar in a situation where the practitioner engaged in particular conduct to comply with this USPTO Rule. *See Changes to Representation of Others Before The United States Patent and Trademark Office, 78 FR 20179.* See, e.g., 37 CFR 1.56, 1.555(a), 1.740(a)(13), 1.765(c) and (d), 1.933(a), Manual of Patent Examining Procedure, 8th Ed., Rev. 9 (Aug. 2012) Ch. 2000; see also 37 CFR 10.23(c)(10). See 37 CFR 11.34(d) (disciplinary complaints are to be filed within one year after the date on which the OED Director receives a grievance forming the basis of the complaint). Section 11.104 addresses the practitioner's duty to communicate with the client. This rule corresponds to ABA Model Rule 1.4. As in § 10.23(c)(8), under this rule a practitioner should not fail to timely and adequately inform a client or former client of correspondence received from the Office in a proceeding before the Office or from the client's or former client's opponent in an inter partes proceeding before the Office when the correspondence (i) could have a significant effect on a matter pending before the Office; (ii) is received by the practitioner on behalf of a client or former client; and (iii) is correspondence of which a reasonable practitioner would believe under the circumstances the client or former client should be notified. Section 11.106(b)(3) states that a practitioner may reveal information relating to the representation of a client to the extent the practitioner reasonably believes necessary to prevent, mitigate, or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from inequitable conduct before the Office. Section 11.107 prohibits a practitioner from representing a client if the representation involves a concurrent conflict of interest. This rule corresponds to ABA Model Rule 1.7. See also 37 CFR 10.66.

I must disclose Samuel Baxter's conflicts of interest because I have a duty of disclosure

as a U.S. Patent Attorney.  Section 11.108 addresses conflicts of interest for current clients and specific rules, including rules regarding practitioners entering into business transactions with clients, the use of information by a practitioner relating to representation of a client, gifts between the practitioner and a client, literary rights based on information relating to representation of a client, a practitioner's provision of financial assistance to the client, compensation for services by a third party, aggregate settlement of claims where the practitioner represents two or more clients in a similar matter, agreements between the client and practitioner limiting liability of the practitioner, and the practitioner's acquiring a proprietary interest in the matter.  This rule corresponds to ABA Model Rule 1.8.  Section 11.108(e) provides that a practitioner shall not provide financial assistance to a client in connection with pending or contemplated litigation or proceeding before the Office, except that a practitioner may advance court or tribunal costs and expenses of litigation.  Section 11.112 provides specific rules regarding the imputation of conflicts of interest for practitioners who are former judges, arbitrators, mediators or third-party neutrals.  This rule corresponds to ABA Model Rule 1.12. The practitioner's responsibility to present the client's case with persuasive force is qualified by the practitioner's duty of candor to the tribunal.  See Lipman v. Dickinson, 174 F.3d 1363 (Fed. Cir. 1999).

Under 28 U.S.C. Sec. 1443, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1)  Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all

persons within the jurisdiction thereof;

(2)  For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *Id.*

To gain removal to federal court under 28 USCS § 1443(1) defendant must show both that (1) right allegedly denied arises under federal law providing for specific rights stated in terms of equal protection; and (2) removal petitioner is denied or cannot enforce specified federal rights in state courts due to some formal expression of state law. *Texas v Gulf Water Benefaction Co.,* 679 F.2d 85 (CA5 Tex. 1982).

Even after an action was dismissed, so long as there was time to insist on reconsideration or appellate review, it continued to be an action brought to redress a private right. The state-court dismissal did not extinguish the case or controversy. So long as there existed issues to be resolved at some level of judicial review, there existed a case or controversy and a basis for federal jurisdiction. *Nieto v. Univ. of New Mexico,* 727 F. Supp. 2d 1176, 1179 (D.N.M. 2010). A defendant may remove any civil action brought in a State court of which the district courts of the United States have original jurisdiction to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C.S. § 1441(a).

The statutes governing procedures for removal appear to require only: (i) an existing civil action, 28 U.S.C.S. §§ 1441, 1446(a),(b); (ii) over which the federal district court has original jurisdiction, 28 U.S.C.S. § 1441(a); and (iii) that the defendant file a notice of removal within thirty days of receipt of service, 28 U.S.C.S. § 1446(b). There is no express requirement that the removal occur at any particular stage of the adjudicatory process.

To satisfy Article III's core justiciability requirements, a plaintiff must have standing, his

8

or her claims must not be moot, and his or her claims must be ripe. To have standing, a plaintiff must show: (i) that he or she has suffered an injury in fact -- an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, not conjectural or hypothetical; (ii) that there is a fairly traceable causal connection between the injury and the defendant's conduct complained of; and (iii) that it is likely that a favorable decision will redress the injury. I have made such a showing because I have suffered damages in fact, including physical injuries, and an imminent threat is being made against me to put me in jail again for no legitimate reason and to take away my law license without cause or even a reasonable basis or belief of misconduct or disability; there is a causal connection between McKool Smith P.C.'s retaliation against me and conspiracy to disbar me and the injury complained of; and a favorable decision to will redress the injury and prevent me from being disbarred for no legitimate reason.

My legal practice is 100% patent and trademark prosecution before the United States Patent & Trademark Office.

The State Bar lacks jurisdiction to impose discipline for misconduct that occurred prior to licensing me as an attorney.

A common law right of access continues to exist in records of those public entities not governed by the Open Records Act and provisions where there is a legitimate public interest, especially where that interest is not outweighed by other interests. The public has a legitimate interest in the administration of the disciplinary system for attorneys and judges. In particular, the public has a legitimate interest in whether different groups of attorneys, based on race, sex, or ethnicity, are disciplined and investigated differently or more frequently and whether any disparities in treatment are the result of the discriminatory process or other factors. *See Sander v.*

*State Bar of California*, 58 Cal. 4th 300, 301 (Cal. 2013). Access to court records is governed by long-standing common law principles. There is legitimate public interest and concern over whether the state of Texas has coerced a private actor to commit an act that would be unconstitutional if done by the state.

Specifically, with respect to my § 1983 claim, I allege that Angeline Bain intends to maliciously instigate a claim of mental illness against me with the State Bar for the purpose of having me disbarred or put on disability status so that I cannot continue to sue her client or sue Judge Carlos Cortez who I believe has assaulted multiple women within the past two years who are in need of representation. *See* Complaint at Doc. 1. I contend that named defendants themselves, not the State Bar of Texas, engaged in unconstitutional acts. The State Bar of Texas has not yet begun to prosecute me in any disciplinary action. *Id.* I reserve my right to allege that Angeline Bain and Susan Farris jointly engage in such conduct with the State Bar of Texas once a disciplinary or disability proceeding institutes. I have plead facts which suggest that these private actors are liable under the circumstances.

Dated: Jan. 15, 2015

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis, *Pro-Se*
2068 Meadow View Rd.
Princeton, TX 75407
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is being filed electronically and sent concurrently to counsel of "record" by electronic

filing service provider as permitted by Tex. R. Civ. P. 21a or in accordance with court ordered substitution of service; or, on this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court or U.S. Court of Appeals for the Fifth Circuit using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically by email or, as a pro-se party, on the date it is electronically docketed in the Court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern District of Texas.

Dated: Jan. 15, 2014

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea Davis, *Pro-Se*

11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHELSEA L. DAVIS §
§
v. §
§
§
MCKOOL SMITH P.C., §
STATE BAR OF TEXAS ET AL § No. 3:14-cv-4190-N
§

IN RE CHELSEA L. DAVIS

IN RE CHELSEA L. DAVIS

## NOTICE OF REMOVAL

I, Chelsea L. Davis, hereby timely file my Notice of Removal of In re: *Chelsea L. Davis,* Docket No. 14-1063, an original proceeding in the Texas Supreme Court and of an additional disciplinary appeal/petition for writ of mandamus I attempted to file in the Texas Supreme Court, to the U.S. District Court for the Northern District of Texas. *See* attached filing rejections. There appears to be a sealed alleged grievance investigation or proceeding in which I am being denied due process. As a result of this matter, I have been unlawfully arrested for contempt of a child support order even though there is no child support order, I do not have any children and I am not married. I have been denied access to the record. Further, Judge Jill Willis signed a vexatious litigant order against me, and the Texas Supreme Court has refused to accept my pleadings in any original proceeding or appeal. Now, in another matter, I have heard that I will be arrested for failure to appear next, but I have not yet been arrested or served with any criminal charge, complaint or order of capias in any proceeding. I attempted to file a plea to the

1

jurisdiction which raises a federal question and an amount in controversy of over $75,000, and I have a federal defense.

I object to the removed matter for lack of service, notice, process, case or controversy, etc. in the state courts of Texas. I also contend that there is now a civil case or controversy due to my filing in the Texas Supreme Court in which I am the "defendant." I timely present my notice of removal of any and all allegations against me. I object to the numerous errors on the "case" summary/docket sheets/document/events listing because the listings contain numerous errors, including party designations where there are no parties and a lower court designation where there is no lower court.

Multiple appeals may be opened or pending in the Fifth District Court of Appeals, Dallas, Texas and/or the Board of Disciplinary Appeals, which have (likely erroneously and without authority) been assigned Docket Nos. 05-13-01744-CV, 05-13-01747-CV, 05-13-01748-CV, 05-14-00090-CV. 05-14-00095-CV, 05-14-01105-CV, 05-14-01036-CV, 05-14-01034-CV, 05-14-00841-CV and 05-14-00846-CV, etc. in the Fifth District Court of Appeals, Dallas, Texas, and/or No. 54202 and 55408 in the Board of Disciplinary Appeals, which may also be removed to this Court to the extent there is any case or controversy now pending in the Texas Supreme Court. Certain "matters" and/or "appeals" may be consolidated into Docket No. 05-13-01747-CV by the Fifth District Court of Appeals, Dallas, Texas. I have attempted to file pleas to the jurisdiction, each of which raises a federal question, institutes a case or controversy, and raises causes of action which present federal questions for which the amount in controversy is over $75,000 for each cause of action.

Under *In re Chelsea L. Davis*, "No. 54202", in which there does not yet appear to be any

petition against me, before the Board of Disciplinary Appeals, a response from me was requested to a motion by Dec. 25, 2014. This notice of removal is timely filed within thirty days of my raising of a federal question. I have not yet been served with any petition. I did, however, attempt to file a plea to the jurisdiction which raises a federal question and an amount in controversy of over $75,000.

On Dec. 29, 2014, I received a communication indicating that the Board of Disciplinary Appeals has created a "No. 55408" even though no petition has ever been filed, based on Grievance No. 201305119. I object to there being any State Bar of Texas cause number based on Grievance No. 201305119. This notice of removal is timely filed in advance of thirty days. I have not yet been served with any petition. I did, however, attempt to file a plea to the jurisdiction, which raises a federal question and an amount in controversy of over $75,000. I received an order indicating an action taken against me akin to a petition.

There is much confusion as to how any cause number may be open and any proceeding or action may proceed due to a lack of any evidentiary petition and disciplinary petition, lack of any case or controversy, lack of subject matter jurisdiction, lack of a record, etc., especially when there has not been any finding or showing of just cause or reasonable belief of disability to the extent required to initiate any disciplinary or disability proceeding against me. Nevertheless, I am being called to appear before the Texas Supreme Court on January 30, 2015 and before courts in Dallas and Collin Counties, Texas thereafter, and I seek to remove those called-for appearances to this Court under this action already pending in this Court between the same parties, which may involve the same subject matter.

Under 28 U.S.C. Sec. 1442(a), "[a] civil action or criminal prosecution that is

3

commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." *Id.* Without waiving my right to contest the commencement and pendency of a proceeding in state court due to the preliminary anti-suit injunction and/or stage of the undercover investigation which cannot be a case, I may remove and quash the thing to the extent it is alleged to be a civil action or criminal prosecution because I am an "officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. Sec. 1442(a)(1). I may also be "property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States"; and/or "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties."*Id.* My license to practice before the United States Patent and Trademark Office is a property right because I have spent nearly fifteen years gaining the requisite education to become a U.S. Patent Attorney and the experience practicing as a Patent Attorney.

I remove any and all complaints, grievances, petitions and allegations against me, to the extent there are any, of professional misconduct and/or disability to this federal Court because I am an officer of the United States Patent and Trademark Office, Reg. No. 63,791. I am a person acting under the United States, its agencies or its officers that has been sued for, unlawfully prosecuted or relating to any act under color of such office and has a colorable federal defense to the counter/intervenor plaintiff's claim(s), if any. Because I assert a colorable government contractor defense, this Court may obtain federal subject matter jurisdiction. *See State of La. v.*

4

*Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) ("[T]he Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of its chief purpose—to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so."). In addition, this Court already has federal subject matter jurisdiction based on filing and service of the Complaint at Doc. 1 in the action styled *Chelsea L. Davis v. McKool Smith P.C., State Bar of Texas, Leslie D. Ware, Samuel F. Baxter, et al.*, Cause No. 3:14-cv-4190 (N.D. Tex. filed Nov. 24, 2014).

The 28 U.S.C.S. § 1367 exceptions to supplemental jurisdiction do not apply to the Fair Labor Standards Act, 29 U.S.C.S. § 201 et seq.

I have a duty of disclosure as U.S. Patent Attorney which gives rise to a federal defense especially where I engaged in particular conduct to comply with this USPTO Rule regarding disclosure. All decisions made by the Office in patent and trademark matters affect the public interest. See Lear, Inc. v. Adkins, 395 U.S. 653 (1969). N.C. Ethics Op. 2005-9 (2006) (lawyer for public company may reveal confidential information about corporate misconduct to SEC under permissive-disclosure regulation authorized by Sarbanes-Oxley Act, even if disclosure would otherwise be prohibited by state's ethics rules). Additionally, Section 11.106(c) states that "[a] practitioner shall disclose to the Office information necessary to comply with applicable duty of disclosure provisions" and is provided to make clear that the duty of disclosure is mandatory, not optional. Section 11.106(c) merely continues the current duty of disclosure provision set forth in 37 CFR 10.23(c)(10). See, e.g., Manual of Patent Examining Procedure, 8th Ed., Rev. 9 (Aug. 2012) Ch. 2000. While paragraph (c) does not impose a new requirement, the express provision may be helpful in responding to any allegation of an ethical violation

before a State bar in a situation where the practitioner engaged in particular conduct to comply with this USPTO Rule. *See Changes to Representation of Others Before The United States Patent and Trademark Office, 78 FR 20179.* See, e.g., 37 CFR 1.56, 1.555(a), 1.740(a)(13), 1.765(c) and (d), 1.933(a), Manual of Patent Examining Procedure, 8th Ed., Rev. 9 (Aug. 2012) Ch. 2000; see also 37 CFR 10.23(c)(10). See 37 CFR 11.34(d) (disciplinary complaints are to be filed within one year after the date on which the OED Director receives a grievance forming the basis of the complaint). Section 11.104 addresses the practitioner's duty to communicate with the client. This rule corresponds to ABA Model Rule 1.4. As in § 10.23(c)(8), under this rule a practitioner should not fail to timely and adequately inform a client or former client of correspondence received from the Office in a proceeding before the Office or from the client's or former client's opponent in an inter partes proceeding before the Office when the correspondence (i) could have a significant effect on a matter pending before the Office; (ii) is received by the practitioner on behalf of a client or former client; and (iii) is correspondence of which a reasonable practitioner would believe under the circumstances the client or former client should be notified. Section 11.106(b)(3) states that a practitioner may reveal information relating to the representation of a client to the extent the practitioner reasonably believes necessary to prevent, mitigate, or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from inequitable conduct before the Office. Section 11.107 prohibits a practitioner from representing a client if the representation involves a concurrent conflict of interest. This rule corresponds to ABA Model Rule 1.7. See also 37 CFR 10.66.

I must disclose Samuel Baxter's conflicts of interest because I have a duty of disclosure

6

as a U.S. Patent Attorney. Section 11.108 addresses conflicts of interest for current clients and specific rules, including rules regarding practitioners entering into business transactions with clients, the use of information by a practitioner relating to representation of a client, gifts between the practitioner and a client, literary rights based on information relating to representation of a client, a practitioner's provision of financial assistance to the client, compensation for services by a third party, aggregate settlement of claims where the practitioner represents two or more clients in a similar matter, agreements between the client and practitioner limiting liability of the practitioner, and the practitioner's acquiring a proprietary interest in the matter. This rule corresponds to ABA Model Rule 1.8. Section 11.108(e) provides that a practitioner shall not provide financial assistance to a client in connection with pending or contemplated litigation or proceeding before the Office, except that a practitioner may advance court or tribunal costs and expenses of litigation. Section 11.112 provides specific rules regarding the imputation of conflicts of interest for practitioners who are former judges, arbitrators, mediators or third-party neutrals. This rule corresponds to ABA Model Rule 1.12. The practitioner's responsibility to present the client's case with persuasive force is qualified by the practitioner's duty of candor to the tribunal. See Lipman v. Dickinson, 174 F.3d 1363 (Fed. Cir. 1999).

Under 28 U.S.C. Sec. 1443, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all

persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *Id.*

To gain removal to federal court under 28 USCS § 1443(1) defendant must show both that (1) right allegedly denied arises under federal law providing for specific rights stated in terms of equal protection; and (2) removal petitioner is denied or cannot enforce specified federal rights in state courts due to some formal expression of state law. *Texas v Gulf Water Benefaction Co.,* 679 F.2d 85 (CA5 Tex. 1982).

Even after an action was dismissed, so long as there was time to insist on reconsideration or appellate review, it continued to be an action brought to redress a private right. The state-court dismissal did not extinguish the case or controversy. So long as there existed issues to be resolved at some level of judicial review, there existed a case or controversy and a basis for federal jurisdiction. *Nieto v. Univ. of New Mexico,* 727 F. Supp. 2d 1176, 1179 (D.N.M. 2010). A defendant may remove any civil action brought in a State court of which the district courts of the United States have original jurisdiction to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C.S. § 1441(a).

The statutes governing procedures for removal appear to require only: (i) an existing civil action, 28 U.S.C.S. §§ 1441, 1446(a),(b); (ii) over which the federal district court has original jurisdiction, 28 U.S.C.S. § 1441(a); and (iii) that the defendant file a notice of removal within thirty days of receipt of service, 28 U.S.C.S. § 1446(b). There is no express requirement that the removal occur at any particular stage of the adjudicatory process.

To satisfy Article III's core justiciability requirements, a plaintiff must have standing, his

or her claims must not be moot, and his or her claims must be ripe. To have standing, a plaintiff must show: (i) that he or she has suffered an injury in fact -- an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, not conjectural or hypothetical; (ii) that there is a fairly traceable causal connection between the injury and the defendant's conduct complained of; and (iii) that it is likely that a favorable decision will redress the injury.  I have made such a showing because I have suffered damages in fact, including physical injuries, and an imminent threat is being made against me to put me in jail again for no legitimate reason and to take away my law license without cause or even a reasonable basis or belief of misconduct or disability; there is a causal connection between McKool Smith P.C.'s retaliation against me and conspiracy to disbar me and the injury complained of; and a favorable decision to will redress the injury and prevent me from being disbarred for no legitimate reason.

My legal practice is 100% patent and trademark prosecution before the United States Patent & Trademark Office.

The State Bar lacks jurisdiction to impose discipline for misconduct that occurred prior to licensing me as an attorney.

A common law right of access continues to exist in records of those public entities not governed by the Open Records Act and provisions where there is a legitimate public interest, especially where that interest is not outweighed by other interests. The public has a legitimate interest in the administration of the disciplinary system for attorneys and judges. In particular, the public has a legitimate interest in whether different groups of attorneys, based on race, sex, or ethnicity, are disciplined and investigated differently or more frequently and whether any disparities in treatment are the result of the discriminatory process or other factors. *See Sander v.*

9

*State Bar of California*, 58 Cal. 4th 300, 301 (Cal. 2013). Access to court records is governed by long-standing common law principles. There is legitimate public interest and concern over whether the state of Texas has coerced a private actor to commit an act that would be unconstitutional if done by the state.

Specifically, with respect to my § 1983 claim, I allege that Angeline Bain intends to maliciously instigate a claim of mental illness against me with the State Bar for the purpose of having me disbarred or put on disability status so that I cannot continue to sue her client or sue Judge Carlos Cortez who I believe has assaulted multiple women within the past two years who are in need of representation. *See* Complaint at Doc. 1. I contend that named defendants themselves, not the State Bar of Texas, engaged in unconstitutional acts. The State Bar of Texas has not yet begun to prosecute me in any disciplinary action. *Id.* I reserve my right to allege that Angeline Bain and Susan Farris jointly engage in such conduct with the State Bar of Texas once a disciplinary or disability proceeding institutes. I have plead facts which suggest that these private actors are liable under the circumstances.

Dated: Jan. 15, 2015

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis, *Pro-Se*
2068 Meadow View Rd.
Princeton, TX 75407
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is being filed electronically and sent concurrently to counsel of "record" by electronic

filing service provider as permitted by Tex. R. Civ. P. 21a or in accordance with court ordered substitution of service; or, on this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court or U.S. Court of Appeals for the Fifth Circuit using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically by email or, as a pro-se party, on the date it is electronically docketed in the Court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern District of Texas.

Dated: Jan. 15, 2014

Respectfully submitted,

/s/Chelsea L. Davis

Chelsea Davis, *Pro-Se*

11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHELSEA L. DAVIS § 
 §
v. §
 §
 §
MCKOOL SMITH P.C., §
STATE BAR OF TEXAS ET AL § No. 3:14-cv-4190-N
 §

---

IN RE CHELSEA L. DAVIS

---

IN RE CHELSEA L. DAVIS

---

## NOTICE OF REMOVAL

I, Chelsea L. Davis, hereby timely file my Notice of Removal of In re: *Chelsea L. Davis,* Docket No. 14-1063, an original proceeding in the Texas Supreme Court and of an additional disciplinary appeal/petition for writ of mandamus I attempted to file in the Texas Supreme Court, to the U.S. District Court for the Northern District of Texas. *See* attached filing rejections. There appears to be a sealed alleged grievance investigation or proceeding in which I am being denied due process. As a result of this matter, I have been unlawfully arrested for contempt of a child support order even though there is no child support order, I do not have any children and I am not married. I have been denied access to the record. Further, Judge Jill Willis signed a vexatious litigant order against me, and the Texas Supreme Court has refused to accept my pleadings in any original proceeding or appeal. Now, in another matter, I have heard that I will be arrested for failure to appear next, but I have not yet been arrested or served with any criminal charge, complaint or order of capias in any proceeding. I attempted to file a plea to the

1

jurisdiction which raises a federal question and an amount in controversy of over $75,000, and I have a federal defense.

I object to the removed matter for lack of service, notice, process, case or controversy, etc. in the state courts of Texas. I also contend that there is now a civil case or controversy due to my filing in the Texas Supreme Court in which I am the "defendant." I timely present my notice of removal of any and all allegations against me. I object to the numerous errors on the "case" summary/docket sheets/document/events listing because the listings contain numerous errors, including party designations where there are no parties and a lower court designation where there is no lower court.

Multiple appeals may be opened or pending in the Fifth District Court of Appeals, Dallas, Texas and/or the Board of Disciplinary Appeals, which have (likely erroneously and without authority) been assigned Docket Nos. 05-13-01744-CV, 05-13-01747-CV, 05-13-01748-CV, 05-14-00090-CV. 05-14-00095-CV, 05-14-01105-CV, 05-14-01036-CV, 05-14-01034-CV, 05-14-00841-CV and 05-14-00846-CV, etc. in the Fifth District Court of Appeals, Dallas, Texas, and/or No. 54202 and 55408 in the Board of Disciplinary Appeals, which may also be removed to this Court to the extent there is any case or controversy now pending in the Texas Supreme Court. Certain "matters" and/or "appeals" may be consolidated into Docket No. 05-13-01747-CV by the Fifth District Court of Appeals, Dallas, Texas. I have attempted to file pleas to the jurisdiction, each of which raises a federal question, institutes a case or controversy, and raises causes of action which present federal questions for which the amount in controversy is over $75,000 for each cause of action.

Under *In re Chelsea L. Davis*, "No. 54202", in which there does not yet appear to be any

petition against me, before the Board of Disciplinary Appeals, a response from me was requested to a motion by Dec. 25, 2014. This notice of removal is timely filed within thirty days of my raising of a federal question. I have not yet been served with any petition. I did, however, attempt to file a plea to the jurisdiction which raises a federal question and an amount in controversy of over $75,000.

On Dec. 29, 2014, I received a communication indicating that the Board of Disciplinary Appeals has created a "No. 55408" even though no petition has ever been filed, based on Grievance No. 201305119. I object to there being any State Bar of Texas cause number based on Grievance No. 201305119. This notice of removal is timely filed in advance of thirty days. I have not yet been served with any petition. I did, however, attempt to file a plea to the jurisdiction, which raises a federal question and an amount in controversy of over $75,000. I received an order indicating an action taken against me akin to a petition.

There is much confusion as to how any cause number may be open and any proceeding or action may proceed due to a lack of any evidentiary petition and disciplinary petition, lack of any case or controversy, lack of subject matter jurisdiction, lack of a record, etc., especially when there has not been any finding or showing of just cause or reasonable belief of disability to the extent required to initiate any disciplinary or disability proceeding against me. Nevertheless, I am being called to appear before the Texas Supreme Court on January 30, 2015 and before courts in Dallas and Collin Counties, Texas thereafter, and I seek to remove those called-for appearances to this Court under this action already pending in this Court between the same parties, which may involve the same subject matter.

Under 28 U.S.C. Sec. 1442(a), "[a] civil action or criminal prosecution that is

3

commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." *Id.* Without waiving my right to contest the commencement and pendency of a proceeding in state court due to the preliminary anti-suit injunction and/or stage of the undercover investigation which cannot be a case, I may remove and quash the thing to the extent it is alleged to be a civil action or criminal prosecution because I am an "officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. Sec. 1442(a)(1). I may also be "property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States"; and/or "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties."*Id.* My license to practice before the United States Patent and Trademark Office is a property right because I have spent nearly fifteen years gaining the requisite education to become a U.S. Patent Attorney and the experience practicing as a Patent Attorney.

I remove any and all complaints, grievances, petitions and allegations against me, to the extent there are any, of professional misconduct and/or disability to this federal Court because I am an officer of the United States Patent and Trademark Office, Reg. No. 63,791. I am a person acting under the United States, its agencies or its officers that has been sued for, unlawfully prosecuted or relating to any act under color of such office and has a colorable federal defense to the counter/intervenor plaintiff's claim(s), if any. Because I assert a colorable government contractor defense, this Court may obtain federal subject matter jurisdiction. *See State of La. v.*

4

*Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) ("[T]he Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of its chief purpose—to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so."). In addition, this Court already has federal subject matter jurisdiction based on filing and service of the Complaint at Doc. 1 in the action styled *Chelsea L. Davis v. McKool Smith P.C., State Bar of Texas, Leslie D. Ware, Samuel F. Baxter, et al.*, Cause No. 3:14-cv-4190 (N.D. Tex. filed Nov. 24, 2014).

The 28 U.S.C.S. § 1367 exceptions to supplemental jurisdiction do not apply to the Fair Labor Standards Act, 29 U.S.C.S. § 201 et seq.

I have a duty of disclosure as U.S. Patent Attorney which gives rise to a federal defense especially where I engaged in particular conduct to comply with this USPTO Rule regarding disclosure. All decisions made by the Office in patent and trademark matters affect the public interest. See Lear, Inc. v. Adkins, 395 U.S. 653 (1969). N.C. Ethics Op. 2005-9 (2006) (lawyer for public company may reveal confidential information about corporate misconduct to SEC under permissive-disclosure regulation authorized by Sarbanes-Oxley Act, even if disclosure would otherwise be prohibited by state's ethics rules). Additionally, Section 11.106(c) states that "[a] practitioner shall disclose to the Office information necessary to comply with applicable duty of disclosure provisions" and is provided to make clear that the duty of disclosure is mandatory, not optional. Section 11.106(c) merely continues the current duty of disclosure provision set forth in 37 CFR 10.23(c)(10). See, e.g., Manual of Patent Examining Procedure, 8th Ed., Rev. 9 (Aug. 2012) Ch. 2000. While paragraph (c) does not impose a new requirement, the express provision may be helpful in responding to any allegation of an ethical violation

before a State bar in a situation where the practitioner engaged in particular conduct to comply with this USPTO Rule. *See Changes to Representation of Others Before The United States Patent and Trademark Office, 78 FR 20179.* See, e.g., 37 CFR 1.56, 1.555(a), 1.740(a)(13), 1.765(c) and (d), 1.933(a), Manual of Patent Examining Procedure, 8th Ed., Rev. 9 (Aug. 2012) Ch. 2000; see also 37 CFR 10.23(c)(10). See 37 CFR 11.34(d) (disciplinary complaints are to be filed within one year after the date on which the OED Director receives a grievance forming the basis of the complaint). Section 11.104 addresses the practitioner's duty to communicate with the client. This rule corresponds to ABA Model Rule 1.4. As in § 10.23(c)(8), under this rule a practitioner should not fail to timely and adequately inform a client or former client of correspondence received from the Office in a proceeding before the Office or from the client's or former client's opponent in an inter partes proceeding before the Office when the correspondence (i) could have a significant effect on a matter pending before the Office; (ii) is received by the practitioner on behalf of a client or former client; and (iii) is correspondence of which a reasonable practitioner would believe under the circumstances the client or former client should be notified. Section 11.106(b)(3) states that a practitioner may reveal information relating to the representation of a client to the extent the practitioner reasonably believes necessary to prevent, mitigate, or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from inequitable conduct before the Office. Section 11.107 prohibits a practitioner from representing a client if the representation involves a concurrent conflict of interest. This rule corresponds to ABA Model Rule 1.7. See also 37 CFR 10.66.

I must disclose Samuel Baxter's conflicts of interest because I have a duty of disclosure

6

as a U.S. Patent Attorney. Section 11.108 addresses conflicts of interest for current clients and specific rules, including rules regarding practitioners entering into business transactions with clients, the use of information by a practitioner relating to representation of a client, gifts between the practitioner and a client, literary rights based on information relating to representation of a client, a practitioner's provision of financial assistance to the client, compensation for services by a third party, aggregate settlement of claims where the practitioner represents two or more clients in a similar matter, agreements between the client and practitioner limiting liability of the practitioner, and the practitioner's acquiring a proprietary interest in the matter. This rule corresponds to ABA Model Rule 1.8. Section 11.108(e) provides that a practitioner shall not provide financial assistance to a client in connection with pending or contemplated litigation or proceeding before the Office, except that a practitioner may advance court or tribunal costs and expenses of litigation. Section 11.112 provides specific rules regarding the imputation of conflicts of interest for practitioners who are former judges, arbitrators, mediators or third-party neutrals. This rule corresponds to ABA Model Rule 1.12. The practitioner's responsibility to present the client's case with persuasive force is qualified by the practitioner's duty of candor to the tribunal. See Lipman v. Dickinson, 174 F.3d 1363 (Fed. Cir. 1999).

Under 28 U.S.C. Sec. 1443, "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all

7

persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *Id.*

To gain removal to federal court under 28 USCS § 1443(1) defendant must show both that (1) right allegedly denied arises under federal law providing for specific rights stated in terms of equal protection; and (2) removal petitioner is denied or cannot enforce specified federal rights in state courts due to some formal expression of state law. *Texas v Gulf Water Benefaction Co.,* 679 F.2d 85 (CA5 Tex. 1982).

Even after an action was dismissed, so long as there was time to insist on reconsideration or appellate review, it continued to be an action brought to redress a private right. The state-court dismissal did not extinguish the case or controversy. So long as there existed issues to be resolved at some level of judicial review, there existed a case or controversy and a basis for federal jurisdiction. *Nieto v. Univ. of New Mexico,* 727 F. Supp. 2d 1176, 1179 (D.N.M. 2010). A defendant may remove any civil action brought in a State court of which the district courts of the United States have original jurisdiction to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C.S. § 1441(a).

The statutes governing procedures for removal appear to require only: (i) an existing civil action, 28 U.S.C.S. §§ 1441, 1446(a),(b); (ii) over which the federal district court has original jurisdiction, 28 U.S.C.S. § 1441(a); and (iii) that the defendant file a notice of removal within thirty days of receipt of service, 28 U.S.C.S. § 1446(b). There is no express requirement that the removal occur at any particular stage of the adjudicatory process.

To satisfy Article III's core justiciability requirements, a plaintiff must have standing, his

or her claims must not be moot, and his or her claims must be ripe. To have standing, a plaintiff must show: (i) that he or she has suffered an injury in fact -- an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, not conjectural or hypothetical; (ii) that there is a fairly traceable causal connection between the injury and the defendant's conduct complained of; and (iii) that it is likely that a favorable decision will redress the injury. I have made such a showing because I have suffered damages in fact, including physical injuries, and an imminent threat is being made against me to put me in jail again for no legitimate reason and to take away my law license without cause or even a reasonable basis or belief of misconduct or disability; there is a causal connection between McKool Smith P.C.'s retaliation against me and conspiracy to disbar me and the injury complained of; and a favorable decision to will redress the injury and prevent me from being disbarred for no legitimate reason.

My legal practice is 100% patent and trademark prosecution before the United States Patent & Trademark Office.

The State Bar lacks jurisdiction to impose discipline for misconduct that occurred prior to licensing me as an attorney.

A common law right of access continues to exist in records of those public entities not governed by the Open Records Act and provisions where there is a legitimate public interest, especially where that interest is not outweighed by other interests. The public has a legitimate interest in the administration of the disciplinary system for attorneys and judges. In particular, the public has a legitimate interest in whether different groups of attorneys, based on race, sex, or ethnicity, are disciplined and investigated differently or more frequently and whether any disparities in treatment are the result of the discriminatory process or other factors. *See Sander v.*

*State Bar of California*, 58 Cal. 4th 300, 301 (Cal. 2013). Access to court records is governed by long-standing common law principles. There is legitimate public interest and concern over whether the state of Texas has coerced a private actor to commit an act that would be unconstitutional if done by the state.

Specifically, with respect to my § 1983 claim, I allege that Angeline Bain intends to maliciously instigate a claim of mental illness against me with the State Bar for the purpose of having me disbarred or put on disability status so that I cannot continue to sue her client or sue Judge Carlos Cortez who I believe has assaulted multiple women within the past two years who are in need of representation. *See* Complaint at Doc. 1. I contend that named defendants themselves, not the State Bar of Texas, engaged in unconstitutional acts. The State Bar of Texas has not yet begun to prosecute me in any disciplinary action. *Id.* I reserve my right to allege that Angeline Bain and Susan Farris jointly engage in such conduct with the State Bar of Texas once a disciplinary or disability proceeding institutes. I have plead facts which suggest that these private actors are liable under the circumstances.

Dated: Jan. 15, 2015

Respectfully submitted,

/s/Chelsea L. Davis

Chelsea L. Davis, *Pro-Se*
2068 Meadow View Rd.
Princeton, TX 75407
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is being filed electronically and sent concurrently to counsel of "record" by electronic

10

filing service provider as permitted by Tex. R. Civ. P. 21a or in accordance with court ordered substitution of service; or, on this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court or U.S. Court of Appeals for the Fifth Circuit using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically by email or, as a pro-se party, on the date it is electronically docketed in the Court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern District of Texas.

Dated: Jan. 15, 2014                                   Respectfully submitted,

/s/ Chelsea L. Davis

Chelsea Davis, *Pro-Se*

11