**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 24-1499
_____

COMMONWEALTH OF PENNSYLVANIA

v.

CURTIS GREGORY SMITH, Jr.,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2-24-cr-00078-001)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 11, 2024

Present: HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed July 31, 2024)
_____

OPINION
_____

PER CURIAM

Appellant Curtis Smith, Jr. filed a pro se Notice of Removal pursuant to 28 U.S.C.

§ 1455 in the United States District Court for the Eastern District of Pennsylvania.

Appellant sought to remove his state criminal case to federal court. He was charged with firearm and other offenses in that state criminal matter. See Commonwealth v. Smith Jr., CP-09-CR-0003478-2023 (Pa. Ct. Com. Pls. Bucks Cnty.).

Appellant filed his Notice of Removal on February 29, 2024. Appellant alleged in part that he had no faith in the Commonwealth of Pennsylvania's justice system because he "has suffered cruel and unusual punishment" and that the justice system was driven by "racial prejudice" and "blatant racism." See E.D. Pa. Crim. No. 24-cr-0028-001 Dkt. # 1 at 12.

On March 7, 2024, the District Court remanded the matter to state court. First, the District Court determined that Appellant's Notice of Removal was untimely because it was filed more than 30 days after his arraignment, thereby violating 28 U.S.C. § 1455(b)(1). Additionally, the District Court held that the matter must be remanded because Appellant did not satisfy the limited circumstances in which a criminal state court prosecution can be removed to federal court under 28 U.S.C. §§ 1442, 1442a and/or 1443. The District Court held that 28 U.S.C. §§ 1442 & 1442a did not apply because Appellant was not a federal or state officer, nor was he a member of the armed forces. The District Court further held that Appellant failed to show the narrow circumstances that permit a state court criminal defendant to remove a case to federal court under § 1443.[1] Appellant appealed the District Court's remand order.

---

[1] Upon remand, the state court sentenced Appellant on March 20, 2024. See https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-09-CR-0003478-2023&dnh=G8VpI2ucrKH9RDj15Nt5NA%3D%3D (last visited on July 3, 2024). The

2

Because Appellant asserted at least in part that removal was proper under 28 U.S.C. § 1443, we have jurisdiction to review the District Court order remanding the case to state court.[2] See BP P.L.C. v. Mayor & City Council of Balt., 141 S. Ct. 1532, 1538 (2021) (noting that party's reliance on § 1442 or § 1443 for removal permits review of the entire remand order). We exercise plenary review over a District Court's remand order. See Lazorko v. Pa. Hosp., 237 F.3d 242, 247 (3d Cir. 2000). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4.

The District Court properly remanded Appellant's criminal case to state court. First, removal of Appellant's state criminal case under 28 U.S.C. §§ 1442 & 1442a was not permitted because Appellant is not a federal officer nor a member of the armed forces.

Second, the District Court properly rejected removal on the basis of 28 U.S.C. § 1443. As noted by the District Court, removal under § 1443 is narrow. Section 1443(1) authorizes the removal of a state law action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28

---

state court docket indicates that Appellant is now awaiting an appellate court decision. See id.

[2] Appellant's allegations related to racial prejudice and blatant racism establish Appellant's intent to seek removal under § 1443. See, e.g., State of Texas v. Gulf Water Benefaction Co., 679 F.2d 85, 86 (5th Cir. 1982) (holding court had appellate jurisdiction over remand order where notice of removal said litigant was deprived of guaranteed civil rights and District Court construed it as seeking removal under § 1443).

U.S.C. § 1443(1). For this provision to apply, "a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for . . . . equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting Georgia v. Rachel, 384 U.S. 780, 788 (1966)). Under the first requirement, the defendant must allege a deprivation of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." Id. (internal citations and quotations omitted). Under the second requirement, "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 828 (1966); see also Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (noting that removal petitioner normally must show that the denial of his specified federal rights be manifest in an expression of state law such as a legislative or constitutional provision rather than a denial first made manifest in the trial of the case).[3]

There is no substantial question that Appellant failed to satisfy this test to warrant removal under § 1443. Appellant's conclusory allegations of racial prejudice and blatant racism do not explicitly refer to a state or federal law that will inevitably be denied by the

[3] Section 1443(2) does not apply in this case as it applies only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Peacock, 384 U.S. at 824.

state courts such that he has failed to show that removal under § 1443 is proper. See, e.g., Garrett v. Cook, 652 F.3d 1249, 1257 (10th Cir. 2011) (noting previous cases from appellant which held that appellant's conclusory allegations of racial discrimination in state courts did not meet § 1443's threshold for removal).

For these reasons, the District Court's remand order is summarily affirmed.[4]

---

[4] This Court need not analyze the District Court's alternative rationale for remand that the notice of removal was untimely in light of this holding.