# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 19, 2011

No. 11-30646
Summary Calendar

Lyle W. Cayce
Clerk

GEORGE RAYMOND WILLIAMS, Medical Doctor, Orthopaedic Surgery,

Plaintiff-Appellee,

v.

HOMELAND INSURANCE COMPANY OF NEW YORK,

Defendant-Appellant,

v.

CORVEL CORPORATION

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Homeland Insurance Company appeals the district court's remand of a class action to Louisiana state court. Because we conclude that the local controversy exception to the Class Action Fairness Act (CAFA) applies, we AFFIRM.

No. 11-30646

## I.

George Raymond Williams brought a class action in Louisiana state court on behalf of a class of Louisiana medical providers against three Louisiana defendants: Med-Comp USA, Risk Management Services (RMS), and SIF Consultants of Louisiana. Med-Comp operates a preferred provider organization (PPO) network, contracting with the plaintiff class of medical providers for discounted rates. RMS and SIF Consultants apply the Med-Comp PPO discount when administering workers' compensation claims for Louisiana employers. Williams alleged that the defendants failed to comply with the PPO notice provisions of Louisiana law. La. R.S. 40:2203.1(G).[1]

Over one year later, Williams amended the petition to add three non-Louisiana defendants: Corvel Corporation and its insurers Homeland Insurance Company and Executive Risk Specialty Insurance.[2] Corvel provides claims administration services using both the Med-Comp PPO discounts and its own CorCare PPO network rates.

Corvel and the plaintiff class agreed to settle their claims. Before the state court approved the settlement, however, Executive Risk removed the case to federal court claiming federal jurisdiction under CAFA.[3] Both Williams and

---

[1] The statute requires issuing a benefit card or providing written notification to the medical provider at least 30 days prior to accessing the provider's services under the PPO agreement. La. R.S. 40:2203.1(B)(5). Without this notification, plaintiffs are less able to determine their rate reduction prior to rendering medical services.

[2] In its pleadings, Williams claims that Homeland and Executive Risk are directly liable to the plaintiff class as Corvel's insurers by virtue of Louisiana's Direct Action Statute. *See* La. R.S. 22:1269. Homeland disputes any direct liability under Louisiana law. This issue is not before us, and we make no decision regarding Homeland's ultimate liability.

[3] Executive Risk also asserted diversity jurisdiction under 28 U.S.C. § 1332(a), alleging that Med-Comp was fraudulently joined and that the remaining Louisiana defendants had agreed to settle. The district court concluded that Med-Comp was not fraudulently joined and rejected the diversity jurisdiction argument. Homeland has not briefed this issue on appeal, and therefore, the argument is waived. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

No. 11-30646

Corvel moved for remand, arguing that CAFA's local controversy exception applied. 28 U.S.C. § 1332(d)(4). The district court determined that Williams satisfied all the elements of the CAFA exception: two-thirds of the class are Louisiana citizens, Med-Comp is a significant Louisiana defendant, the principal injuries occurred in Louisiana, and no other class actions had been filed within three years. Consequently, the district court remanded the case to state court.

Upon remand, the state trial judge gave preliminary approval of Corvel's settlement. One day later, Homeland filed its motion to this court for leave to appeal the remand.[4] Homeland argues on appeal that Williams failed to satisfy any of the elements of the local controversy exception.

## II.

We review the district court's remand under the CAFA local controversy exception *de novo*. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc. (Preston I)*, 485 F.3d 793, 796 (5th Cir. 2007). The parties moving for remand bear the burden of proof that they fall within an exception to CAFA jurisdiction. *Id.* at 797; *Frazier v. Pioneer Americas, LLC,* 455 F.3d 542, 546 (5th Cir. 2006).

The local controversy exception requires the district court to decline its jurisdiction under CAFA:

(A)(i) over a class action in which–

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

> (II) at least 1 defendant is a defendant–

>> (aa) from whom significant relief is sought by members of the plaintiff class;

---

[4] Executive Risk, the original removing party, does not appeal the district court's remand.

No. 11-30646

> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>
> (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

§ 1332(d)(4)(A). The lack of any one of the above elements would render remand improper, and Homeland disputes them all.

## A.

First, Williams needed to establish that two-thirds of the proposed class are Louisiana citizens. *Preston I*, 485 F.3d at 796. The district court may make "a reasonable assumption" of CAFA's citizenship requirements from evidence that indicates the "probable citizenship of the proposed class." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc. (Preston II)*, 485 F.3d 804, 818 (5th Cir. 2007).

Williams submitted evidence identifying a total class of 1,388 members and showing that 1,055 of the 1,388 (or 76%) are business entities incorporated or organized under Louisiana law.[5] Therefore, these business entities are citizens of Louisiana. *See* § 1332(c)(1); § 1332(d)(10). The district court

---

[5] Plaintiff obtained from the defendants a list of all their contracted-with-providers that fell within the class definition. Defendants produced the Federal Tax-ID numbers of a potential class of 1,388 providers. Using this data, Plaintiffs identified 1,321 of the providers, and then determined Louisiana citizenship of 1,055 providers via the Louisiana Secretary of State's public records database.

No. 11-30646

examined this evidence and determined that at least two-thirds of the class were Louisiana citizens.[6]

On appeal, Homeland offers two fact-intensive arguments to suggest that the above 76% calculation is error, and the correct percentage of Louisiana citizens should either be 45.4% or 65.4%.  First, Homeland argues that many of the 1,055 should no longer count as Louisiana citizens because they are inactive or not in good standing with the state.[7]  However, inactive corporations remain citizens of their state of incorporation, which in this case is Louisiana.  *See Harris v. Black Clawson Co.*, 961 F.2d 547, 551 (5th Cir. 1992).  Second, Homeland argues that the percentage of Louisiana citizens still falls to 65.4% by removing only the more problematic cases, such as entities that allegedly no longer exist.[8]  Homeland's math is incorrect because it removes the non-existent companies from the numerator of Louisiana citizens without also removing them from the denominator of total plaintiffs.  Correcting this error, Homeland's objections mean that 72.4% of the plaintiff class are definitively Louisiana citizens, still well above CAFA's two-thirds requirement.[9]

---

[6] These business records clearly satisfy the CAFA citizenship requirement.  In addition, the district court looked at the definition of the purported class including only Louisiana providers, an affidavit showing Louisiana mailing addresses, and a deposition of Defendant Med-Comp stating that all of its contracted providers are in Louisiana.

[7] Homeland disputes 428 of the 1,055 citizens by alleging that: 223 are inactive (134 of whom no longer exist); 186 are not in good standing; 10 have no secretary of state certificates; 7 are duplicates; and 1 is a Delaware domiciliary.  Homeland removes the 7 alleged duplicates for a total plaintiff class of 1,381 rather than 1,388.  Thus, Homeland arrives at the following formula: (1055-428) / 1381 = 45.4%.

[8] Homeland identifies 152 entities as the most problematic: 134 no longer exist, 10 have no secretary of state certificates, 7 are duplicates, and 1 is a Delaware domiciliary.  Homeland uses the following formula: (1055-152) / 1381 = 65.4%.

[9] Removing the 134 non-existent organizations as well as the 7 duplicates from the 1,388 total plaintiff class equals 1,247.  Therefore, Homeland's calculation should have used the following formula: (1055-152) / 1247 = 72.4%.

No. 11-30646

## B.

Second, the local controversy exception requires a local defendant (a) from whom significant relief is sought; and (b) whose alleged conduct forms a significant basis for the claims asserted. § 1332(d)(4)(A)(i)(II). The district court focused on Med-Comp as at least one Louisiana defendant satisfying the CAFA exception.

Williams's petition seeks statutory damages from Med-Comp in conjunction with thousands of discounts, including the discounts applied by the other defendants. Moreover, Med-Comp's alleged conduct is the common denominator with all the other defendants, as RMS, SIF Consultants, and Corvel applied Med-Comp discounts to Med-Comp clients. In other words, Med-Comp's alleged conduct forms the basis of all claims against itself, but also forms a significant basis of the claims against the other defendants. Finally, this class action existed for over a year with only local defendants, and it is unclear how the addition of Corvel could render all of the original defendants insignificant. Thus, we agree with the district court that Williams satisfied this element of the CAFA exception.

## C.

Next, the principal injuries resulting from each defendant's alleged or related conduct must have occurred in Louisiana. § 1332(d)(4)(A)(i)(III). The district court found that the principal injuries occurred in Louisiana because the record showed that a supermajority of plaintiffs are Louisiana citizens, who rendered services in Louisiana, and who allege that the defendants violated the Louisiana PPO Act. The injuries from these statutory violations occurred by the failure to provide notice at the point of medical service in Louisiana. Although Homeland is an out-of-state defendant who insured the out-of-state Corvel, the CAFA exception is satisfied because Homeland's *related conduct* as insurer includes Corvel's failure to notify in Louisiana. Williams points to the unique

nature of the claims asserted, where the sole claims against Homeland are by virtue of the Louisiana Direct Action statute and based on the conduct of Homeland's insured. This case does not involve first party insurance claims against Homeland, and therefore the location of the principal injuries does not depend on the state of issuance of Homeland's insurance policy.

## D.

Finally, the local controversy exception requires that "no other class action has been filed" alleging similar facts against any of the defendants "during the 3-year period preceding the filing of that class action." § 1332(d)(4)(A)(ii). The parties dispute whether a class arbitration qualifies as a class action under CAFA.[10] The district court decided that a class arbitration is not a class action, relying on a legal dictionary where "arbitration" resolves disputes outside of court, while a "class action" is a form of lawsuit within the court. Black's Law Dictionary 119, 284 (9th ed. 2009).

CAFA defines the term "class action" to mean "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." § 1332(d)(1)(B). Homeland argues for an expansive reading of the term to encompass arbitrations, which often are commenced under rules that mimic Rule 23. However, if "any civil action" includes arbitrations, then CAFA would require district courts to exercise original jurisdiction over any arbitration that satisfies CAFA's threshold requirements.[11] *See* § 1332(d)(2). We hold that a class arbitration is not a class action, and consequently, a prior class arbitration does not frustrate the CAFA exception.

---

[10] Less than three years prior to filing the class action, one of the class members initiated a class arbitration against Corvel, making similar factual allegations as the Williams petition.

[11] Appellees also point to our procedural rules where "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

No. 11-30646

## III.

For the foregoing reasons, the district court properly concluded that the local controversy exception applied.  We AFFIRM.