# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2013

No. 13-90027

Lyle W. Cayce
Clerk

OPELOUSAS GENERAL TRUST AUTHORITY, doing business as Opelousas General Health System; GAAR BUTAUD PORUBSKY & BACILLA, LIMITED, doing business as Opelousas Orthopaedic Clinic; J. FRAZER GAAR; THOMAS BUTAUD; GARY L. PORUBSKY,

Plaintiffs - Respondents

v.

MULTIPLAN, INCORPORATED; MULTIPLAN SERVICES CORPORATION; PRIVATE HEALTHCARE SYSTEMS, INCORPORATED; AMERICAN LIFECARE, INCORPORATED,

Defendants - Petitioners

Motion for Leave to Appeal
Pursuant to 28 U.S.C. § 1453
USDC 6:12-CV-1830

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The Class Action Fairness Act (CAFA) authorizes federal district courts to exercise jurisdiction over certain class actions, even where no federal question is presented and where the parties to the action are not completely diverse.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *See* 28 U.S.C. § 1332(d)(2).

That jurisdictional grant contains a so-called "local controversy exception," whose application the parties dispute.[2] The district court thought the exception applicable and, on plaintiffs' motion, remanded this removed case to Louisiana state court. So that we may answer an important CAFA-related question, we GRANT defendants' petition for leave to appeal the remand order.

## I.

Individuals sometimes need healthcare, which can be expensive. So they often fund or subsidize their healthcare by, for example, participating in their employers' health-benefit plans. To cut costs, the operators of a plan may try to negotiate discount rates with healthcare providers. And to take advantage of those discount rates, they may incent plan members to use those healthcare providers by charging members a lower co-pay when they do so.

American Lifecare, Inc. (ALC) is a Louisiana corporation that contracted with various healthcare providers. The contracts authorized ALC to negotiate with entities like employer health-benefit plans, offering those plans discounted rates with healthcare providers. In 2004, Private Healthcare Systems, Inc. (PHCS) acquired ALC. In 2006, Multiplan, Inc. (MPI) acquired PHCS, including ALC.

Plaintiffs represent a class of Louisiana healthcare providers. They allege that MPI, PHCS, and ALC ran afoul of statutory requirements when negotiating discounted rates.[3] Plaintiffs sued defendants in Louisiana state court. Defendants removed the case to federal district court, asserting, as relevant here, that CAFA imbued that court with jurisdiction. Plaintiffs countered that CAFA's "local controversy exception" applied, making removal improper. In their

---

[2] *Opelousas Gen. Hosp. Auth. v. FairPay Solutions, Inc.*, 655 F.3d 358, 360 (5th Cir. 2011) (per curiam).

[3] *See* LA. REV. STAT.§ 40:2203.1.

memorandum in opposition to plaintiffs' motion to remand, defendants briefly contended that the exception applied only if plaintiffs sought significant relief from ALC, and argued that whether the relief sought was significant turned in part on ALC's ability to pay any judgment entered against it. Although the district court noted that ALC "is the entity against whom most, if not all, of the violations from 2002–2007 are claimed," it did not consider ALC's ability to pay any judgment.[4] It concluded that the "local controversy exception" applied and remanded the case to Louisiana state court. Defendants seek leave to appeal that remand order.

## II.

In the ordinary case, we may not review a federal district court's order remanding a controversy to state court.[5] But we "may," however, "accept an appeal from an order of a district court granting . . . a motion to remand a class action to the State court from which it was removed."[6] Whether to accept such an appeal is a question committed to our discretion.[7]

The propriety of the district court's remand order turns on its assessment of the "local controversy exception" to CAFA jurisdiction. The phrase is something of a misnomer. No one disputes that CAFA imbued the district court with jurisdiction over this matter.[8] Instead, the pertinent part of the "exception" instructs that "[a] district court shall *decline* to exercise [CAFA] jurisdiction"—

---

[4] When discussing fraudulent joinder and diversity jurisdiction, it did rule out that there was "no possibility of recovery against" ALC.

[5] *See* 28 U.S.C. § 1447(d).

[6] *Id.* § 1453(c)(1).

[7] Although we do not appear to have endorsed any particular approach to the exercise of our discretion, we find helpful the factors articulated in *BP Am., Inc. v. Oklahoma ex rel. Edmondson*, 613 F.3d 1029, 1034 (10th Cir. 2010).

[8] *See* 28 U.S.C. § 1332(2) (conferring original jurisdiction).

(I) over a class action in which—

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

> (II) at least 1 defendant is a defendant—

>> (aa) *from whom significant relief is sought by members of the plaintiff class*;

>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

>> (cc) who is a citizen of the State in which the action was originally filed; and

> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .[9]

The only contested piece of this exception is whether ALC is a defendant "from whom significant relief is sought by members of the plaintiff class."[10] If plaintiffs did not seek "significant relief" from ALC, then the exception does not apply, and the district court erred when it remanded the case.

We have yet to fully explore the meaning of "significant relief" in this context. Defendants argue that we should grant them leave to appeal so that we may determine "whether a defendant which is not a going concern and which will not satisfy any judgment against it can be a defendant from whom

---

[9] *Id.* § 1332(4)(A) (emphasis added).

[10] *Id.* § 1332(4)(A)(II)(aa).

'significant relief is sought' . . . ." We GRANT their petition so that we may consider the question.[11]

---

[11] *Williams v. Homeland Ins. Co. of N.Y.*, 657 F.3d 287 (5th Cir. 2011), addressed the meaning of "significant relief," but did not expressly consider (or implicitly resolve) this issue.