# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30768
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2017

Lyle W. Cayce
Clerk

CITY OF WALKER; CITY OF DENHAM SPRINGS; WILLIAMSON EYE CENTER (APMC); TIMOTHY JOHN KINCHEN; SHANNON FARRIS KINCHEN,

                Plaintiffs - Appellees

v.

STATE OF LOUISIANA, through the Department of Transportation and Development,

                Defendant - Appellee

v.

GILCHRIST CONSTRUCTION COMPANY, INCORPORATED; BOH BROTHERS CONSTRUCTION COMPANY, L.L.C.; JAMES CONSTRUCTION GROUP, L.L.C.; MODJESKI & MASTERS, INCORPORATED; GULF ENGINEERS AND CONSULTANTS, INCORPORATED; BARRIERE CONSTRUCTION COMPANY, L.L.C.; G.E.C., INCORPORATED; GOTECH, INCORPORATED; GEO ENGINEERS, INCORPORATED; SJB GROUP, L.L.C.; EUSTIS ENGINEERING, L.L.C., formerly known as Eustis Engineering Services, L.L.C.,

                Defendants - Appellants

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-55

No. 17-30768

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:*

This class action lawsuit alleges that a concrete barrier installed as part of a highway widening project exacerbated flooding caused by an August 2016 rainstorm. Appellant James Construction Group, LLC removed from state court to the United States District Court for the Middle District of Louisiana. The district court subsequently granted appellees' remand motion, and appellants appeal that order.

Appellants assert three bases for removal: (1) Class Action Fairness Act (CAFA) jurisdiction; (2) federal officer jurisdiction; and (3) federal question jurisdiction. We affirm the district court's remand as to CAFA and federal officer jurisdiction, and dismiss the appeal for lack of jurisdiction as to the district court's federal question determination.

I.

In August 2016, southern Louisiana experienced several consecutive days of heavy rain. The rain led to widespread flooding, which damaged homes and businesses.

On January 5, 2017, appellees filed a Class Action Petition for Damages and Injunctive Relief in the 19th Judicial District Court for the Parish of East Baton Rouge. Appellees named twenty-one defendants: the State of Louisiana through the Louisiana Department of Transportation and Development (LA DOTD) and twenty private firms that participated in the design and construction of the 2009 "Geaux Wider" project. Geaux Wider widened sections of Interstate 12 in East Baton Rouge and Livingston Parishes. Appellees allege

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30768

that a concrete median barrier installed as part of the project, acted as an "artificial floodwall" which "unnaturally impounded rainwater." As a result, "additional areas were flooded that ordinarily would not have flooded." Appellees seek to represent three "sub classes" comprising governmental agencies, commercial businesses, and individuals. Each proposed class is composed of people or entities that "would not have sustained damages as a result of inundation/flooding . . . but for the alteration of natural surface water flow resultant from the 'Geaux Wider' project."

After appellant James Construction Group, LLC removed to the District Court for the Middle District of Louisiana, appellees moved to remand to state court. The district court granted the motion to remand, and this appeal followed.

## II.

We begin by reviewing our jurisdiction to hear this appeal. Appellants assert three bases for removal: (1) Class Action Fairness Act jurisdiction, under 28 U.S.C. § 1332(d)(2); (2) federal officer jurisdiction, under 28 U.S.C. § 1442(a)(1); and (3) federal question jurisdiction, under 28 U.S.C. § 1331.[1] We have jurisdiction to review the part of the remand order concerning CAFA and federal officer jurisdiction, but not the part about federal question jurisdiction.

## A.

"Orders remanding a case to state court are generally not reviewable." *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 460 (5th Cir. 2016) (citing 28 U.S.C. § 1447(d)). But this rule is not absolute. "There is an exception [to § 1447(d)] . . . for cases invoking CAFA." *Dart Cherokee Basin Operating Co.,*

---

[1] Before the district court, appellants also asserted jurisdiction based on 28 U.S.C. § 1345, which applies to suits commenced by the United States. Appellants since have waived removal based on this statute.

*LLC v. Owens*, 135 S. Ct. 547, 552 (2014); 28 U.S.C § 1453(c)(1) ("[N]otwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed . . . ."). Another exception applies to remand orders involving the federal officer removal statute, 28 U.S.C. § 1442. *See* § 1447(d) ("[A]n order remanding a case to the State court from which it was removed pursuant to section 1442 . . . of this title shall be reviewable by appeal or otherwise."); *see also Savoie*, 817 F.3d at 460. Accordingly, we have jurisdiction to review the district court's determination that it lacked CAFA and federal officer jurisdiction.[2]

## B.

Section 1447(d)'s general bar on review of remand orders applies to actions removed under 28 U.S.C. § 1441(a), the removal statute for federal question jurisdiction. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995). Nonetheless, appellants assert that the CAFA exception to § 1447(d), which permits appeal from "an *order*" remanding a class action, gives us jurisdiction to review every issue decided in the remand order, including federal question jurisdiction. § 1453(c)(1) (emphasis added). This reading of § 1453(c)(1) is the rule in some other circuits, *see, e.g., Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451-52 (7th Cir. 2005); *but see Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224, 1228 (8th Cir. 2012), but not clearly so

---

[2] Appellants do not argue that the § 1447(d) exception for federal officer jurisdiction allows us to review the entire remand order. This court has rejected similar arguments in the past. *See Robertson v. Ball*, 534 F.2d 63, 65-66 (5th Cir. 1976) (where district court remanded after defendants removed alleging both diversity and 28 U.S.C. § 1443 jurisdiction, appellate court had jurisdiction only to review the § 1443 portion of the remand order); *see also Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 296 (5th Cir. 2017) ("*Robertson* implies . . . that we cannot review a remand order (or a portion thereof) expressly based on a Section 1447(c) ground when the basis for removal is a statute that, like Section 1441, Section 1447(d) does not specifically exempt from Section 1447(c)'s bar.").

in ours. The only precedential opinion from this court does not explicitly state that we are prohibited from considering an entire order when a defendant removes on both CAFA and federal question grounds, though that may be a plausible reading of it. *See Patterson v. Dean Morris, L.L.P.*, 448 F.3d 736, 739 (5th Cir. 2006); *see also Perritt v. Westlake Vinyls Co., L.P.*, 562 F. App'x 228, 231 (5th Cir. 2014) ("[W]e do not have jurisdiction to review the district court's decision to remand for lack of diversity jurisdiction, but we may review its decision to remand for lack of CAFA jurisdiction.") (internal modification omitted) (quoting *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 860 (5th Cir. 2010)).[3] Facing our CAFA deadline, we continue to apply *Patterson, Perritt,* and *Berniard*'s suggestion that our jurisdiction to review a CAFA remand order stops at the edge of the CAFA portion of the order.[4]

## III.

The district court held that this case falls under CAFA's local controversy exception, a determination we review de novo. *Williams v. Homeland Ins. Co. of N.Y.*, 657 F.3d 287, 290 (5th Cir. 2011). The parties moving for remand bear the burden of proof that they fall within an exception to CAFA jurisdiction. *Id.* "If the applicability of an exception [to CAFA jurisdiction] is not shown with reasonable certainty, federal jurisdiction should be retained." *Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 338 (5th Cir. 2016). "The language, structure, and history of CAFA all demonstrate that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Id.* at 337 (internal modification omitted).

---

[3] The Seventh Circuit has reiterated its position in *Lu Junhong v. Boeing Company.* 792 F.3d 805, 810 (7th Cir. 2015). That case, however, seems to be in tension with our decision in *Robertson.* 534 F.2d at 65-66; *cf.* 15A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3914.11 (2d ed. updated Apr. 2017).

[4] If the entire order were properly before us for review, we would find no error in the district court's analysis and conclusion that it lacked federal question jurisdiction.

No. 17-30768

"CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)). It is undisputed that these requirements are met. There are, however, exceptions to CAFA jurisdiction. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 810-11 (5th Cir. 2007). One of these, the local controversy exception,[5] provides that the district court "shall decline to exercise jurisdiction":

> (i) over a class action in which—
>
>> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>>
>> (II) at least 1 defendant is a defendant—
>>
>>> (aa) from whom significant relief is sought by members of the plaintiff class;
>>>
>>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>>
>>> (cc) who is a citizen of the State in which the action was originally filed; and
>>
>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual

---

[5]    Before the district court, appellees also pressed a second exception to CAFA jurisdiction, the home-state exception. The district court rejected this argument and appellees have since abandoned it.

allegations against any of the defendants on behalf of the same or other persons.

§ 1332(d)(4)(A). Appellants concede that every requirement except the final one is met here. They point to *Levi Robertson, et al. v. The State of Louisiana and the Department of Transportation and Development*, No. 16-2272 (21st Judicial District Court, Parish of Tangipahoa, filed Aug 22, 2016), as a similar class action filed in the three years preceding this suit. Appellees do not dispute that *Robertson* is a class action filed within the relevant time period, or that LA DOTD is a defendant both here and in *Robertson*. Accordingly, to determine whether the district court erred in remanding this case under the local controversy exception, we need only decide whether the plaintiff in *Robertson* asserts "the same or similar factual allegations" as appellees assert in this case. *See Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 508 (3d Cir. 2013) ("CAFA does not define what constitutes an 'other class action' other than to limit it to filed cases asserting similar factual allegations against a defendant."). If the alleged facts are the same or similar, CAFA jurisdiction obtains; if not, then not.

The *Robertson* petition is short on facts.[6] It asserts that "some years prior to August 12, 2016, [LA] DOTD constructed a crossing of the Highway I-12 crossing of the [sic] Tangipahoa River flood plain near the town of Robert, La." It then references another case, *Jean Boudreaux v. The State of Louisiana, DOTD*, No. 71408, (21st Judicial District Court, Parish of Tangipahoa, filed Apr. 6, 1984), and states that "[t]he allegations in this lawsuit are the exact same claims of wrongful acts as set out" in *Boudreaux*. The petition in *Robertson* alleges that in *Boudreaux* "it was proved that the construction of

---

[6] In June 2017, the Louisiana First Circuit Court of Appeal held that Robertson's claims were prescribed. *Robertson v. Louisiana and The Dep't of Trans. and Dev.*, 17-165 (La. App. 1 Cir. 6/9/17).

No. 17-30768

Louisiana I-12 across the flood plain of the Tangipahoa River . . . caused the flood waters of April, 1983 to back up above I-12 and flooded the class members North of I-12 . . . ."

As noted, appellees allege that they were harmed in the August 2016 floods when portions of I-12 trapped water north of the highway. But the two suits focus on different construction projects in different places. *Robertson*, by incorporating *Boudreaux,* alleges that the highway as it existed in 1983 caused increased flooding in Tangipahoa Parish. Appellees, by contrast, allege that the August 2016 "[f]lood waters reached levels *that would have normally flowed across I-12* but for the [2009] 'Geaux Wider' project" and, as a result, "additional areas were flooded[.]" (emphasis added). Appellees' proposed classes include only entities and individuals "within East Baton Rouge and Livingston Parishes" that were damaged "as a result of inundation/flooding in this area . . . ."

In short, *Robertson* alleges that a different construction project, initiated more than twenty-five years before Geaux Wider, worsened flooding in a different parish. Accordingly, we hold that *Robertson* is not the sort of "similar" class action that would support federal jurisdiction over this otherwise local controversy. The district court therefore correctly declined to exercise CAFA jurisdiction.

## IV.

Finally, appellants argue that James Construction was entitled to a federal forum because it was acting under a federal officer when it designed and built Geaux Wider. "[F]ederal officer removal under 28 U.S.C. § 1442 is unlike other removal doctrines: it is not narrow or limited." *State v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017) (internal quotation marks omitted). Accordingly, we review the district court's order on this point "without a thumb on the remand side of the scale." *Id.* (quoting *Savoie*, 817 F.3d at 462).

8

Nonetheless, it remains "the defendant's burden to establish the existence of federal jurisdiction over the controversy." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).

Under § 1442, an action "against or directed to . . . any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office" may be removed to federal court. 28 U.S.C. § 1442(a)(1). To remove, a defendant must show: "(1) that it is a person within the meaning of the statute, (2) that it has a colorable federal defense, (3) that it acted pursuant to a federal officer's directions, and (4) that a causal nexus exists between its actions under color of federal office and the plaintiff's claims." *Zeringue v. Crane Co.*, 846 F.3d 785, 789 (5th Cir. 2017) (internal quotation marks and modifications omitted). The district court held that James Construction did not show that it was "acting under" a federal officer, and therefore could not meet the third prong of the test. We agree.

Appellants assert that James Construction was acting under a federal officer because its work—including the project's hydraulic design—was subject to inspection and approval by federal regulators. "The words 'acting under' are broad, and . . . the [federal officer removal] statute must be 'liberally construed.'" *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007) (quoting *Colorado v. Symes*, 286 U.S. 510, 517 (1932)). "But broad language is not limitless." *Id.* In *Watson,* plaintiffs sued a cigarette manufacturer alleging it had manipulated testing results to show lower nicotine and "tar" content in cigarettes marketed as "light." *Id.* at 146. The Eighth Circuit held that because the Federal Trade Commission mandated that Philip Morris use the testing regime plaintiffs challenged—and enforced that mandate with ongoing monitoring, laboratory inspections, independent verification, and enforcement actions against manufacturers—Philip Morris was "acting under" a federal

officer and could remove pursuant to § 1442. *Watson v. Philip Morris Cos., Inc.*, 420 F.3d 852, 858 (8th Cir. 2005).

The Supreme Court reversed, and held that "the fact that a federal regulatory agency directs, supervises, and monitors a company's activities in considerable detail" is insufficient to meet the "acting under" requirement. *Watson*, 551 U.S. at 145. The Court explained its holding in detail:

> [A] highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone. A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official." And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored. A contrary determination would expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries. Neither language, nor history, nor purpose lead us to believe that Congress intended any such expansion.

*Id.* at 153 (citation omitted). The Court, however, distinguished cases in which a "private contractor . . . is helping the Government to produce an item that it needs." *Id.* The opinion noted that although "close supervision" may be "sufficient to turn a private contractor into a private firm 'acting under' a Government 'agency' or 'officer,'" the same is not true when a company is merely "subjected to intense regulation." *Id.*

James Construction asserts the "government contractor defense" as its required "colorable" federal defense. "That defense provides immunity to contractors for conduct that complies with the specifications of a federal contract." *Crutchfield v. Sewerage & Water Bd. of New Orleans*, 829 F.3d 370, 375 (5th Cir. 2016) (citing *Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988)). But the district court correctly determined that appellants failed to show that James Construction's work on I-12 was undertaken pursuant to a *federal*

contract. Although appellants describe Geaux Wider as "federally funded," they do not assert that James Construction ever entered into a contract with the federal government; rather, James Construction's work on the Geaux Wider project was undertaken pursuant to a "Design-Build Agreement" it entered into with LA DOTD. The contract states that "LA DOTD did advertise for, receive, and accept a Proposal from [James Construction] for work on an LA DOTD DB [Design-Build] project." The LA DOTD contract obligates James Construction "to complete the Interstate-12 (I-12) Widening DB Project (Project) in a thorough and workmanlike manner to the satisfaction of the appropriate officials of the LA DOTD." Nothing about this contract suggests that James Construction was operating as a federal government contractor or subcontractor. Rather, the arrangement appears to be consistent with the federal government's usual approach to highway construction: it approves the project and provides most of the funding, but states build and own the highway. *See, e.g., Lathan v. Brinegar*, 506 F.2d 677, 682 (9th Cir. 1974) ("Under the Federal-Aid Highway Act, primary responsibility for highway planning, design and construction rests on state highway departments, aided by federal assistance." (citation and footnote omitted)).

As evidence of the federal government's participation in the Geaux Wider project, appellants point to the Louisiana Stewardship Agreement entered into between LA DOTD and the Federal Highway Administration (FHWA) in 2007. Appellants assert that the contract shows that FHWA retained "oversight responsibility" for the Geaux Wider project. Perhaps, but nothing about that agreement suggests that James Construction was operating as a federal government contractor or subcontractor, or was in any similar relationship with a federal supervisor. The six-page agreement "is intended to result in the effective and efficient management of public funds and to ensure that the Federal aid highway program is delivered consistent with laws, regulations,

policies and good business practices." The agreement references 23 U.S.C. § 106(g), which requires only that the Transportation Secretary "establish an oversight program to monitor the effective and efficient use of funds authorized to carry out this title . . . [which] shall be responsive to all areas relating to financial integrity and project delivery." This monitoring arrangement is not the procurement relationship that in previous cases has allowed a private firm to enjoy the benefit of federal officer removal. *Cf. Zeringue*, 846 F.3d at 788 (U.S. Navy contract); *Savoie*, 817 F.3d at 462 (U.S. Navy and Coast Guard contracts); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 416 (5th Cir. 2001) (U.S. military contract); *Williams v. Todd Shipyards Corp.*, 154 F.3d 416, 1998 WL 526612, at *1 (5th Cir. 1998) (unpublished) (U.S. Navy, Army, and Maritime Commission contracts).

Despite asserting the government contractor defense, appellants have not provided evidence suggesting that James Construction was operating as a federal contractor or had a similar relationship with a federal supervisor. Absent this relationship between the federal government and a private firm, the Supreme Court's decision in *Watson* instructs that even onerous and specifically enforced regulations do not suffice to show the firm was "acting under" a federal officer. *See also Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 255 (4th Cir. 2017); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137 (2d Cir. 2008). Accordingly, we affirm the district court's remand order as to federal officer jurisdiction because appellants have failed to meet their burden to show that James Construction was "acting under" a federal officer when it designed and built the Geaux Wider project.

V.

For the foregoing reasons, we AFFIRM the district court's remand as to CAFA and federal officer jurisdiction, and DISMISS for lack of jurisdiction the appeal as to the district court's federal question determination.