# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11186
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2019

Lyle W. Cayce
Clerk

STEVE SAMUEL GEE, JR.,

　　　　Plaintiff - Appellant

v.

STATE OF TEXAS; STACEY D. GEE; ADORA L. LOCKABY,

　　　　Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-833

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

　　　　Steve S. Gee, Jr. removed a Texas divorce proceeding to federal court. The district court remanded the proceeding to state court, and Gee appeals. We affirm the district court's remand order in part and dismiss the appeal for lack of jurisdiction in part.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11186

While we ordinarily cannot review an order to remand a case to state court, we may do so when removal was brought pursuant to sections 1442 or 1443 of the United States Code.[1] Where a party has argued for removal on multiple grounds, we only have jurisdiction to review a district court's remand decision for compliance with those provisions.[2] Gee asserted that he could remove the divorce proceeding under section 1443, so we will review the district court's remand order to the extent it rejected this argument. We examine the district court's decision de novo.[3]

We agree with the magistrate judge's report and recommendation, accepted and adopted by the district court, that Gee could not remove this case under section 1443. The report and recommendation explains that under the Supreme Court's and our own settled caselaw, "[t]o gain removal to federal court under 28 U.S.C. § 1443, the defendant must show both that (1) the right allegedly denied it arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law."[4] Gee concedes that "his claims in this case do not arise under a federal law pertaining specifically to racial equality, yet he asks that we disregard the Supreme Court's construction of § 1443(1) as error. This we cannot do."[5]

The district court's judgment is affirmed to the extent that it addressed section 1443, and the appeal is otherwise dismissed for lack of jurisdiction.

---

[1] *See* 28 U.S.C. § 1447(d).

[2] *See City of Walker v. Louisiana*, 877 F.3d 563, 566 n.2 (5th Cir. 2017) (discussing *Robertson v. Ball*, 534 F.2d 63, 65–66 (5th Cir. 1976)).

[3] *Cf. Legendre v. Huntington Ingalls, Inc.*, 885 F.3d 398, 400 (5th Cir. 2018) (reviewing a remand order addressing 28 U.S.C. § 1442 de novo).

[4] *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982); *see Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

[5] *McMullen v. Cain*, 726 F. App'x 257 (per curiam).