**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1227
_____


WELLS FARGO BANK, National Association,
As Trustee for the Holders of the Merrill Lynch
Mortgage Investors Trust, Mortgage Loan-Asset-Backed
Certificate Series 2006-WMCI


v.


CRYSTAL FENTY DEY-EL; *DARLENE ELLIS,

                                                                        Appellants


*(Pursuant to Fed. R. App. P. Rule 12(a))
_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-01762)
District Judge:  Honorable Esther Salas
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
November 8, 2018
Before:  CHAGARES, BIBAS, and GREENBERG, Circuit Judges

(Opinion filed: October 7, 2019)
_____

OPINION*
_____


---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Crystal Fenty Dey-El and Darlene Ellis appeal from the order of the District Court remanding this matter to New Jersey state court. We will affirm.

I.

Wells Fargo Bank, N.A., filed a state-law mortgage foreclosure action in New Jersey state court naming as defendant Dey-El, Ellis, Dey-El's husband, and entities it identified as ACB Receivables Management and New Century Financial Services. Dey-El, by herself, filed a notice of removal to federal court. She also filed with her notice a document titled "demand for dismissal/counterclaim" in which she sought to assert counterclaims under the Fair Debt Collection Practices Act ("FDCPA").

Dey-El asserted two grounds for federal subject-matter jurisdiction—federal question jurisdiction under 28 U.S.C. § 1331 based on her FDCPA counterclaims, and diversity jurisdiction under 28 U.S.C. § 1332. Wells Fargo did not plead the citizenship of the parties in its state-court complaint, and Dey-El did not do so in her notice of removal. Instead, she claimed that she is not a citizen of any state. She claimed in other filings that she is a citizen only of the "Moorish American National Republic," and her filings below were otherwise replete with "sovereign citizen" jargon.

Wells Fargo filed a motion to remand to state court. It argued, inter alia, that the District Court lacked federal question jurisdiction under the "well-pleaded complaint" rule, that it lacked diversity jurisdiction as well, and that removal on the basis of diversity was otherwise improper under the "forum-defendant rule" of 28 U.S.C. § 1441(b)(2) because Dey-El actually is a citizen of New Jersey. Wells Fargo's motion to remand was

untimely because Wells Fargo filed it more than 30 days after Dey-El filed her notice of removal. See 28 U.S.C. § 1447(c). Dey-El did not raise that issue, however, and she did not assert any relevant argument on the issue of diversity jurisdiction.

The District Court, after receiving a Magistrate Judge's recommendation, granted Wells Fargo's motion and remanded this matter to state court. The District Court agreed that it lacked federal question under the well-pleaded complaint rule. The District Court also concluded that it did not need to determine whether it had diversity jurisdiction because, even if it did, Dey-El is a citizen of New Jersey and removal from New Jersey state court was improper under the forum-defendant rule. Dey-El and Ellis appeal.[1]

## II.

An order remanding a matter to state court is a final order for purposes of 28 U.S.C. § 1291. See In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 449 (3d Cir. 2000). Wells Fargo, however, argues that we lack jurisdiction by virtue of 28 U.S.C. § 1447(d). Section 1447(d) provides that, with exceptions not relevant here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" Despite this seemingly unequivocal language, the Supreme Court has held that this statute bars review only of remand orders that are authorized by and entered pursuant to 28 U.S.C. § 1447(c). See In re FMC Corp., 208 F.3d at 448 (citing

---

[1] Ellis did not join in Dey-El's notice of removal and was not a party in the District Court, but she signed the notice of appeal and has been added as a party on appeal. The Clerk directed the parties to address Ellis's standing to appeal. Dey-El has not done so, and Ellis has neither signed Dey-El's brief nor filed one of her own. In light of our disposition, we need not address this issue.

Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 346 (1976)).  Section 1447(c), in turn, authorizes two kinds of remand orders.  First, § 1447(c) authorizes remands for lack of subject-matter jurisdiction at any time.  See Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 613 (3d Cir. 2003).  Second, § 1447(c) authorizes remands for any other defect in removal, but only if the defect is raised in a timely motion to remand.  See id.  Remand orders that are not authorized by § 1447(c) remain reviewable despite § 1447(d).  See id.

In this case, the District Court's conclusion that removal was improper under the forum-defendant rule was not authorized under § 1447(c).  The forum-defendant rule is not jurisdictional and is instead a defect in removal that must be raised in a timely motion to remand.  See Korea Exch. Bank v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir. 1995).  As noted above, Wells Fargo's motion to remand was untimely.  Thus, the District Court's remand order was not authorized by § 1447(c), see id. at 50-51, and we have jurisdiction to review it to that extent.[2]

---

[2] Section 1447(d) addresses the reviewability of "orders" of removal, not of discrete reasons for such orders.  Thus, the fact that the District Court also based its remand order on a ground authorized by § 1447(c)—i.e., lack of federal question jurisdiction, which can be raised at any time—raises the question whether that aspect of the District Court's order remains non-reviewable or whether the District Court's reliance on a ground that is reviewable under Thermtron brings the entire remand "order" before the Court.  We do not appear to have addressed that issue, and there is a spilt of authority on the partial reviewability of remand orders in other contexts.  See, e.g., City of Walker v. Louisiana, 877 F.3d 563, 566-67 & n.2 (5th Cir. 2017); Junhong v. Boeing Co., 792 F.3d 805, 811-12 (7th Cir. 2015).  We will not address the issue in this case because Dey-El did not squarely challenge the District Court's conclusion that it lacked federal question jurisdiction in her opening brief and she has not otherwise raised any colorable argument on this issue.  We note, however, that "[i]f the entire order were properly before us for review, we would find no error in the district court's analysis and conclusion that it lacked federal question jurisdiction."  City of Walker, 877 F.3d at 567 n.4.

4

III.

Ordinarily, the fact that § 1447(c) did not authorize the District Court's untimely application of the forum-defendant would both establish our jurisdiction and constitute a basis to vacate and remand on the merits. See In re FMC Corp., 208 F.3d at 449-50. Wells Fargo, however, argues that Dey-El has waived this issue. We might be inclined to agree.[3] Even if we were to review the District Court's application of the forum-defendant rule, however, any error in that regard was harmless because the District Court's order is subject to affirmance on an alternate ground.

Dey-El is the party asserting federal jurisdiction, and "[t]he party asserting jurisdiction bears the burden of showing the action is properly before the federal court." Sikirika v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005). Dey-El has not done so in this case because the complaint that she sought to remove did not allege the citizenship of the parties and Dey-El did not allege their citizenship either. Instead, she asserted that she is a citizen of the "Moorish American National Republic" and not of New Jersey or of any other state. Nevertheless, because defective allegations of citizenship can be amended even on appeal, see 28 U.S.C. § 1653; GBForefront, L.P. v.

---

[3] Dey-El did not argue in the District Court that Wells Fargo's motion to remand was untimely or that application of the forum-defendant rule was unauthorized for that reason. Nor did she raise that argument in her opening brief, even though our Clerk noted the issue and directed the parties to address it. We raised the issue sua sponte because it is relevant to our appellate jurisdiction as discussed above and because "we have an independent obligation to assure ourselves of our jurisdiction." Reifer v. Westport Ins. Corp., 751 F.3d 129, 133 (3d Cir. 2014). But we have no similar obligation to grant relief on the merits on the basis of an issue that a party has not raised in the District Court or this one despite a direction that they address it. We could decline to do so under the circumstances presented here.

Forefront Mgmt. Grp., LLC, 888 F.3d 29, 36 (3d Cir. 2018), the Clerk noted the issue and directed the parties to address "whether appellant Dey-El adequately alleged or can allege diversity of citizenship."

Dey-El still has not done so. Dey-El finally identifies herself as a citizen of New Jersey in her reply brief. But even if Dey-El is a citizen of New Jersey, and even if Wells Fargo is not (though the record provides no information on that point), the diversity statute requires "complete diversity between all plaintiffs and all defendants." Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (quotation marks omitted). Dey-El has not alleged complete diversity because, even now, she has not alleged the citizenship of the other individuals and entities whom Wells Fargo named as defendants and who did not join in Dey-El's notice of removal.[4] Thus, Dey-El still has not carried her burden of pleading diversity despite our express invitation to do so. To the extent that we have jurisdiction to review the District Court's remand order, then, it is subject to affirmance on that alternate ground.

IV.

For these reasons, we will affirm the judgment of the District Court. Wells Fargo has filed a letter objecting to the Clerk's oral grant of an extension of time for Dey-El to file a reply brief. We construe that letter as a motion for reconsideration of a Clerk's order. So construed, the motion is denied.

---

[4] Wells Fargo argues that Dey-El's notice of removal was deficient for this reason as well. See 28 U.S.C. § 1446(b)(2)(A). We need not address that issue in light of our disposition.

6